UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LAWRENCE PAGE,<br><br>Plaintiff,<br><br>v.<br><br>JORGE E. NAVARRETE,<br><br>Defendant. | Case No. 24-cv-01424-PCP<br><br>**ORDER OF DISMISSAL; ORDER GRANTING APPLICATION TO PROCEED** *IN FORMA PAUPERIS*<br><br>Re: Dkt. No. 2 |

Richard Page, an inmate at Folsom State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. For the reasons stated below, the Complaint is dismissed with prejudice.

## I.   Background

Mr. Page has been in the custody of the California Department of Corrections and Rehabilitation since December 7, 2010. *See* CDCR Inmate Locator, https://inmatelocator.cdcr.ca.gov/ (results for "Richard Page") (last visited October 1, 2024).

Mr. Page appears to have petitioned a state superior court for re-sentencing. It appears that the state superior court denied a counsel-related request from Mr. Page during his re-sentencing proceedings. *See* Compl. at 3 (stating that the trial court "violated plaintiff's 6th Amend., right to effective counsel at resentencing").

Mr. Page appears to have challenged the state superior court's ruling before California's Commission on Judicial Performance. *See id*. That Commission "determined that [Mr. Page's] judicial complaint was insufficient." *Id*.

Mr. Page asked the California Supreme Court to review the Commission's decision. *See id*. He contends that the Clerk of the California Supreme Court, defendant Navarrete, refused to file Mr. Page's request for review. *See id*. Mr. Page contends that Mr. Navarrete's refusal "violated

[Mr. Page's] right to be heard under the 1st, 5th, 14th Amendments U.S. Constitution." *Id*. at 4. Mr. Page seeks $10,000 and "declaratory/injunctive relief" of an unspecified nature. *Id*. at 6.

## II.   Legal Standard

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.   Analysis

Mr. Page's claims are not cognizable because Mr. Navarrete is immune from suit on the facts alleged and because this Court cannot order the California Supreme Court to perform a specific action with respect to Mr. Page's litigation. In addition, to the extent Mr. Page asks this Court to become involved in his efforts to obtain release from prison, such a request must be made in a federal habeas petition.

### A.   Clerk Immunity

The United States Supreme Court has recognized that some officials perform special functions which, because of their similarity to functions that would have been immune when Congress enacted § 1983, deserve absolute protection from damages liability. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268–69 (1993). This immunity extends to individuals performing functions necessary to the judicial process. *Miller v. Gammie*, 335 F.3d 889, 895–96 (9th Cir. 2003). Under the common law, judges, prosecutors, trial witnesses, and jurors were absolutely immune for such critical functions. *Id.* at 896. The United States Supreme Court has taken a "functional approach" to the question of whether absolute immunity applies in a given situation, meaning that it looks to "the nature of the function performed, not the identity of the actor who performed it." *Buckley*, 509 U.S. at 269 (1993) (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). Thus, state actors are granted absolute immunity from damages liability in suits under § 1983 for actions taken while performing a duty functionally comparable to one for which

officials were immune at common law. *Miller*, 335 F.3d at 897.

      Here, Mr. Navarrete's refusal to file Mr. Page's request is functionally comparable to an action for which officials were immune at common law. Specifically, it is functionally comparable to a judge's determination as to whether a litigant has complied with local rules and procedures. Mr. Navarrete is entitled to absolute immunity for actions arising from his enforcement of the California Supreme Court's local rules and procedures. *See id.*; *see also In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002) (holding a court clerk was immune for scheduling and noticing a hearing); *Moore v. Brewster,* 96 F.3d 1240, 1244 (9th Cir. 1996) (holding that clerks of court had absolute quasi-judicial immunity from damages for civil rights violations when they performed tasks that were an integral part of the judicial process); *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (holding, before *Buckley*, that "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process"). Courts regularly dismiss complaints raising claims against court clerks performing functions like those Mr. Navarrete performed here. *See Johnson v. Evans*, No. 22-CV-02664-SI, 2022 WL 2239837, at *1 (N.D. Cal. June 22, 2022) (accepting magistrate judge's conclusion that superior court clerks were immune from suit over their entry of minutes and signature of the judgment); *Bey v. Gascon*, No. 19-CV-03184-WHO, 2019 WL 5191012, at *6 (N.D. Cal. Oct. 15, 2019) (holding that superior court clerk was immune from suit over her "refusal to accept some unspecified documents in an unspecified manner"); *McCray v. Rodriguez*, No. C 06-4805CRB(PR), 2006 WL 2432834, at *2 (N.D. Cal. Aug. 18, 2006) (dismissing complaint filed against a superior court deputy clerk for enforcing local procedural rules).

      Because Mr. Navarrete's rejection of Mr. Page's petition for review was a quasi-judicial function, Mr. Navarrete is immune from suit over this action.

      **B.**    ***O'Shea v. Littleton* abstention**

      To the extent Mr. Page asks this Court to order the California Supreme Court to accept and to rule on his request for review, his claim is barred by *O'Shea v. Littleton*, 414 U.S. 488 (1974).

      *O'Shea* stands for the general proposition that federal courts "should be very reluctant to

3

grant relief that would entail heavy federal interference in such sensitive state activities as administration of the judicial system." *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 703 (9th Cir. 1992). Under the law of the circuit, *O'Shea* abstention "is appropriate where the relief sought would require the federal court to monitor the substance of individual cases on an ongoing basis to administer its judgment." *Courthouse News Service v. Planet*, 750 F.3d 776, 790 (9th Cir. 2014), *See, e.g., id.* at 789–792 (concluding that injunction requiring state superior court to provide same-day access to filed unlimited civil complaint poses little risk of an "ongoing federal audit" or a "major continuing intrusion of the equitable power of the federal courts into the daily conduct of state . . . proceedings") (quoting *O'Shea*, 414 U.S. at 500, 502).

If Mr. Page wants this Court to order the California Supreme Court to accept and rule on his request for review, as is suggested by the Complaint's request for "declaratory/ injunctive relief," this Court could not do so without "monitor[ing]" Mr. Page's "individual case[]." Such a request thus is barred by *O'Shea*.

### C. Proper Remedy

To the extent Mr. Page asks this Court to become involved in his efforts to obtain release, this action is the wrong procedural vehicle. Mr. Page must instead seek release via a habeas action. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). "Habeas is the 'exclusive remedy' ... for the prisoner who seeks 'immediate or speedier release' from confinement." *Skinner v. Switzer*, 562 U.S. 521, 533–34 (2011).

A district court is not permitted to convert a civil rights action to a habeas petition. Rather, the Ninth Circuit has instructed that a civil rights complaint seeking habeas relief should be dismissed without prejudice to the plaintiff's filing of a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Thus, to the extent Mr. Page seeks the assistance of this Court in his efforts to obtain release, that request must be dismissed.[1]

---

[1] Although the Court must dismiss any request for release, this dismissal is without prejudice to Mr. Page filing a federal petition for writ of habeas corpus asserting his claims after he exhausts any direct

4

### D. Futility of Amendment

The Complaint's defects cannot be cured on amendment. Amendment would not change the fact that Mr. Navarrete is immune from Mr. Page's claims. Likewise, *O'Shea*'s bar to this action cannot be cured by amendment. Nor could amendment change the fact that release must be sought in a federal habeas action.

The Court therefore concludes that amendment would be futile and dismisses this action without leave to amend. Dismissal, however, is without prejudice to Mr. Page seeking release via a separate habeas action after state proceedings have concluded or seeking damages for unlawful incarceration if his conviction later is invalidated.

## IV. CONCLUSION

1. The Complaint does not state any cognizable claim and as explained above could not be cured by amendment. This action therefore is DISMISSED. Dismissal is with prejudice to Mr. Page's request for damages and for any request for an injunction directed at the California Supreme Court. Dismissal is without prejudice to Mr. Page seeking release in a habeas action.

2. Mr. Page's motion to proceed IFP is GRANTED. *See* Dkt. No. 2. The initial partial filing fee is $8.86. *See* 28 U.S.C. § 1915(b)(1) (requiring a court to assess an initial filing fee of 20 percent of a prisoner's average monthly deposits or monthly balance, whichever is greater). A copy of this order and the attached instructions will be sent to Mr. Page via U.S. mail, and to the California Department of Corrections and Rehabilitation (CDCR) and the court's financial office via email at trusthelpdesk@cdcr.ca.gov and CAND_Finance@cand.uscourts.gov.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 10, 2024

P. Casey Pitts
United States District Judge

---

appeal of his conviction and/or re-sentencing proceedings. Because there is a one-year statute of limitations for the filing of a federal petition for writ of habeas corpus, *see* 28 U.S.C. § 2244(d), Mr. Page is cautioned to act swiftly to return to federal court with his new petition for writ of habeas corpus when he has completed state proceedings.

5

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

      The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

      The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

      Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

      If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid. If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

      The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:    Plaintiff/Petitioner

                                                                                       Court's Finance Office